IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ROBERT SCOTT ELLIS,

    Petitioner,

v.                           CIVIL ACTION NO. 5:03-2197

UNITED STATES OF AMERICA,

    Respondent.

<u>MEMORANDUM OPINION</u>

Pursuant to the court's order of October 27, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

The court has conducted a de novo review of the record.  As noted by the magistrate judge, the court notes that petitioner incorrectly states the date and length of his sentence. Petitioner states that he was convicted on July 24, 2001, and sentenced to seven years for a violation of 18 U.S.C. § 924(c)(1), that he appealed his conviction, and that the Fourth Circuit affirmed his conviction on May 1, 2002.  (<u>See</u> Doc. No. 142 at 2-3.)  In actuality, as noted by the magistrate judge, petitioner was sentenced in Case No. 5:99-00133-01 on July 9, 2001, to serve five years in prison.  He was convicted for a

violation of 21 U.S.C. § 846.  (See Doc. No. 130, Case No. 5:99-00133-01.)

      As discussed by the magistrate judge, the seven-year sentence and conviction dates discussed by petitioner appear to be a combination of this sentence, and a sentence imposed for a supervised release revocation in a previous case.  (See generally Doc. No. 152 at 2-3.)  The Fourth Circuit affirmed the sentence for the supervised release revocation on May 1, 2002, and petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on October 7, 2002.  See Ellis v. United States, 537 U.S. 926 (2002).

      On September 23, 2003, petitioner filed this case under 28 U.S.C. § 2255, in which he set forth a number of grounds for the court to set aside his conviction and vacate his sentence.  In his petition, petitioner claims he is entitled to relief under 28 U.S.C. § 2255 because

> [His] conviction and punishment stands in violation of the Constitution where newly discovered evidence demonstrates that the government withheld favorable and exculpatory evidence prior to his plea of guilty . . . . New evidence demonstrates that the government withheld favorable evidence which supported [his] claims and negated the government's allegations against him.  Thus, new evidence in this case reveals that the agents . . . were under investigation prior to and during [his] criminal proceeding.  One officer pled guilty to federal charges and one resigned as a result of falsifying evidence in drug cases.  This new evidence should have been disclosed prior to [his] pleading guilty.

-2-

> Additionally, this evidence would have
> supported [his] claims at his hearing to
> withdraw his plea and for purposes of
> sentencing, if not for the government's
> failure to disclose, [he] would not have pled
> guilty.

(Doc. No. 142 at 5.)  Specifically, petitioner alleges that Sgt.
Timothy White and Todd Owen McDaniel, officers who were part of
the government's investigative network in the case at bar, have
been found to have engaged in a number of illegal activities
during the course of petitioner's criminal proceeding.  (See Doc.
No. 140 at 3.)  He claims that had he been aware of these
officers' activities, he would not have pleaded guilty and
instead would have gone to trial.  (Id. at 14-17.)  Further, he
argued he was not guilty of cultivating two marijuana fields
containing over 1000 plants.  (Id. at 17.)

    Respondent filed a motion to dismiss asserting that
petitioner's claims are without merit.  (See Doc. No. 145.)
Respondent asserted that the misconduct at the State Police
laboratory had no impact on petitioner's prosecution or sentence
and that petitioner's argument that the court erred by running
his sentence for his supervised release violation consecutive to
his sentence for cultivation of marijuana.

    On August 4, 2004, the Magistrate Judge entered his Proposed
Findings and Recommendations (Doc. No. 151).  Petitioner filed an
objection to the magistrate judge's findings on August 20, 2004.
In his findings and recommendation, the magistrate judge

-3-

recommended dismissing petitioner's petition because his claims were without merit.  Having reviewed his conclusions and petitioner's objections to them, for the reasons below, the court finds that petitioner's objections are legally without merit.

    1.   <u>Petitioner's Objection Regarding His Petition Being Time-Barred.</u>

Petitioner's first objection is that his petition is not time-barred as found by the magistrate judge.  (<u>See</u> Doc. No. 153 ¶¶ 2-4.)  Petitioner contends that because his petition for a writ of certiorari was denied on October 7, 2002, petitioner had one year from this date to file his petition under 28 U.S.C. § 2255.  (<u>Id.</u>)  As noted in the magistrate judge's proposed findings, petitioner did not appeal his underlying case, but only his conviction for a supervised release revocation following it.  (<u>See</u> Doc. No. 151 at 2-3, 8.)  Petitioner's petition was more than two years after the conviction for case number 5:99-00133-01 became final.  As such, any claims based on this case are barred under the time limits contained under 28 U.S.C. § 2255(1).  Given that these two cases cannot be merged, the magistrate judge's finding was correct and petitioner's objection regarding such findings was proper.  Further, the magistrate judge acted appropriately in analyzing petitioner's claims under the exceptions to § 2255(1).  As such, petitioner's first objection is accordingly OVERRULED.

2.    Petitioner's Objection Regarding Brady Materials.

Petitioner's second objection regards the magistrate's finding that no violation of his rights discussed in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), was committed when information that two of the agents that had investigated him was not provided to him prior to his guilty plea.  (<u>See</u> Doc. No. 153 ¶¶ 4-7.) Petitioner states that "the [magistrate judge's] recommendation appears to support the . . . position that [the government] may simply keep its hands in its pockets, as though this is some type of guessing game, and simply wait and see if the defendant will somehow read the news of the government's illegal activities. . . . " (<u>Id.</u> ¶ 6.)

Petitioner argues that the information regarding the officers' misconduct not being turned over to him violated his constitutional rights as  discussed in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  As discussed in the magistrate judge's findings, petitioner lacks the factual predicate necessary to succeed on this argument.  (<u>See</u> Doc. No. 151 at 9-10.)  When newly-discovered evidence such as information like that at issue here is the basis for a motion under 28 U.S.C. § 2255, the court analyzes the request under the same basis as it would evaluate a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.  (<u>See</u> Doc. No. 151 at 11 (discussing <u>Hazel v. United States</u>, 303 F. Supp. 2d 753, 757-58 (E.D. Va. 2004))).

-5-

Under Rule 33, a party must show that

> (1) evidence has been discovered since trial
>
> (or in this case, since the plea hearing);
>
> (2) the moving party acted with due
>
> diligence;
>
> (3) the evidence is not "merely cumulative or
>
> impeaching";
>
> (4) the evidence is "material to the issues
>
> involved"; and
>
> (5) the evidence demonstrates "that, on a new
>
> trial . . . [it] would probably produce an
>
> acquittal."

See United States v. Fulcher, 250 F.3d 244, 249 (4th Cir.), cert. denied, 534 U.S. 939 (2001).

Here, as the magistrate judge indicated in his findings and recommendations, petitioner's Brady argument is without merit. (Doc. No. 151 11.)  Petitioner's rights under Brady were not even implicated in this case because the government, as discussed with the magistrate, complied with its discovery obligations.  The persons who were convicted of improprieties had been sentenced more than six months previous to petitioner's sentencing.  There is no evidence in the record that either of the two individuals accused of irregularities were involved in petitioner's case. Petitioner's mere allegations that he only discovered evidence

-6-

following his guilty plea are not enough to receive a new trial
absent some showing by petitioner how these individuals affected
his case.  Although petitioner has not alleged how this evidence
would have changed the outcome of his trial, the only apparent
use would be as impeachment evidence, and petitioner has not
averred who he would impeach with it.  In the context of a habeas
action, the right to a new trial is not automatic when a
petitioner alleges "new evidence" that had not been turned over.
Because petitioner admitted to the charged offense, the court's
basis for convicting him remains unchanged.  Petitioner never
even shows a nexus between these individuals and his case.  The
information in the record shows that petitioner's conviction and
sentencing were both based on information independent of the
officials who were participated in the illegal conduct.

        Further, because petitioner was aware of these arguments and
did not raise them on direct appeal, petitioner has waived his
right to do so on collateral review under 28 U.S.C. § 2255.
United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989) (holding
that failure to raise an issue presented at trial or in
sentencing on direct appeal which is non-constitutional in nature
amounts to a waiver of the right to contest the issue in a § 2255
proceeding).  Insofar as this is a constitutional issue,
petitioner cannot bring it here because he has not made the
required showing of cause and prejudice.  See Theodorou v. United

<u>States</u>, 887 F.2d 1336, 1339-40 (7th Cir. 1989).  Petitioner
admits that he knew of this issue at the time of his sentencing;
he should have raised it on direct appeal.  Having chosen not to
do so, he cannot raise it now because he has not made a
sufficient showing.  As such, petitioner's second objection is
OVERRULED.

    3.  <u>Petitioner's Objection Regarding Blakely Issues.</u>

    In his objections, petitioner never directly questions the
magistrate judge's recommendation regarding any claims petitioner
may have under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). In
<u>Blakely</u>, the Supreme Court held that "[o]ther than the fact of a
prior conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt."  Here, as the
magistrate judge found in his proposed finding and
recommendation, petitioner had no argument under <u>Blakely</u> because
his sentence under both the charge under 21 U.S.C. § 846 as well
as on the supervised release violation charge were under the
statutory maximum for each offense.  (<u>See</u> Doc. No. 151 at 2 n.2.)

    Because petitioner's sentences do not exceed the statutory
maximum, they do not violate <u>Blakely</u>.  Insofar as petitioner's
objections contain any objection to this finding, it is hereby
OVERRULED.

-8-

4.    Conclusion.

The Clerk is directed to forward a copy of this Memorandum

Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 27th day of October, 2005.

ENTER:

David A. Faber
Chief Judge